**AKERMAN LLP**
Kanika D. Corley (State Bar No. 223607)
*kanika.corley@akerman.com*
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-63422

Attorneys for Defendant
THE NEW YORK TIMES COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA READE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>　　　　Defendant. | CASE NO.<br><br>[Superior Court of California, County of Nevada, Case No. CU22-086270]<br><br>**DEFENDANT THE NEW YORK TIMES COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: February 22, 2022 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant The New York Times Company ("The Times") removes this action from the Superior Court of the State of California for the County of Nevada to the United States District Court for the Eastern District of California.

## STATEMENT OF THE CASE

1.　On February 22, 2022, Plaintiff Tara Reade filed her Complaint in the Nevada County Superior Court styled *Tara Reade v. The New York Times Company*, Case No. CU22-086270.

2. Plaintiff's action concerns alleged claims for the violation of California Civil Code § 1798.85, public disclosure of private facts, and negligence.

## JURISDICTION

3. Pursuant to U.S.Dist.Ct.Rules E.D.Cal., Civ L.R. 204, The Times provides the information that follows as grounds for federal diversity jurisdiction.

4. Plaintiff Tara Reade is a resident and citizen of California. *See* Compl. ¶ 1 (alleging that "Plaintiff was a resident of . . . Nevada County, California" at all relevant times); *Mpock v. FCA US LLC*, 2021 U.S. Dist. LEXIS 222463, at *14 (E.D. Cal. Nov. 17, 2021) (noting that "the Supreme Court and numerous other courts have treated a person's residence as prima facie evidence of his domicile"); *Kozlowski v. FCA US LLC*, 2021 U.S. Dist. LEXIS 222441, at *8-9 (E.D. Cal. Nov. 17, 2021) (finding defendant's allegations of residency sufficient to establish citizenship of plaintiff, given "the absence of any information or evidence from plaintiff contradicting or refuting defendant's allegations").

5. Defendant The Times is a New York corporation and has its principal place of business in the state of New York. The Times is therefore a citizen of New York. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). The Times is not a citizen of California, the state in which the action is pending, and The Times's citizenship has not changed between the date the state court action was filed and the time of removal.

6. Plaintiff seeks over $75,000 in damages. *See* Compl., at Prayer for Relief, (A) (seeking "damages, including compensatory damages, and/or all restitution as determined at trial, of not less than $1,500,000.00").

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), which provides: "The district courts shall have original jurisdiction

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

8. Thus, The Times is entitled to remove Plaintiff's action to this Court pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. 28 U.S.C. § 1446(b)(1) provides, in relevant part, that "[t]he notice of removal for a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

10. Plaintiff effectuated service on The Times on February 23, 2022. The Times timely files this notice of removal within 30 days of Plaintiff's service.

11. True and accurate copies of all process and pleadings received by The Times are attached hereto as Exhibit A. The Times also obtained copies of all papers available from the docket in the state court action, and true and correct copies of those papers are attached hereto as Exhibit B.

12. Removal of this action to this Court is proper as the Nevada County Superior Court where this action was commenced is located within this Court's jurisdiction.

13. Pursuant to 28 U.S.C. § 1446(d), The Times shall promptly file a notice of its removal of this action with the clerk of the Nevada County Superior Court, and The Times shall promptly serve Plaintiff with this notice of removal and the notice to be filed in the Superior Court.

## CONCLUSION

14. By this notice of removal and the associated attachments, Defendant The Times does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. The Times does not intend any admission of fact, law, or liability by this notice and expressly reserves all defenses, motions, and/or pleas. The Times prays that Plaintiff's action be removed to the United States District Court for the Eastern District of California, that all further proceedings in the Nevada Superior Court be stayed, and that The Times receives all relief to which it is entitled.

DATED: March 24, 2022                     **AKERMAN LLP**

By: */s/ Kanika D. Corley*
    Kanika D. Corley
    Attorneys for Defendant
    THE NEW YORK TIMES COMPANY

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 W. Fifth Street, Suite 300, Los Angeles, CA 90071.

On **March 24, 2022,** I served the following document(s) described as:

**DEFENDANT THE NEW YORK TIMES COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

on the persons below as follows:

| | |
|---|---|
| Samuel C. Richardson, Esq.<br>PHOCUS LAW<br>30025 Alicia Parkway<br>PMB 7001<br>Laguna Niguel, CA 92677<br>Telephone: (602) 457-2191<br>Facsimile:  (602) 955-4457<br>Email:  sam@phocuscompanies.com | Attorneys for Plaintiff<br>Tara Reade |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☒ **BY ELECTRONIC SERVICE**: Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted. My electronic business address is annie.tualla@akerman.com.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **(CM/ECF Electronic Filing):** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed. R. Civ. P. 5(d)(1). "A Notice of Electronic Filing (NEF) is generated

automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed. R. Civ. P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **March 24, 2022,** at Los Angeles, California.

*/s/ Annie C. Tualla*
Annie C. Tualla

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2
PROOF OF SERVICE
62752698;1