UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TARA READE,<br><br>        Plaintiff,<br><br>   v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>        Defendant. | No. 2:22-cv-00543 WBS KJN<br><br>ORDER RE: REQUEST TO FILE DOCUMENT UNDER SEAL |

----oo0oo----

In conjunction with its motion to dismiss (Docket No. 10) and its special motion to strike (Docket No. 11), defendant has submitted a request to file under seal an unredacted version of the photograph plaintiff provided to it. (Request to File Under Seal ("Request"), Docket No. 13.)) That photograph is an image of plaintiff's ID card from the United States Senate and contains what the parties represent is the upper half of her Social Security number.

"The proponent of sealing bears the burden" of overcoming a "strong presumption in favor of [public] access."

1

1  Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178, 1182
2  (9th Cir. 2006).  To do so, the party must "articulate[ ]
3  compelling reasons," Foltz v. State Farm Mut. Auto Ins. Co., 331
4  F.3d 1122, 1135 (9th Cir. 2003) (citing San Jose Mercury News,
5  Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102-03 (9th Cir. 1999)),
6  "that outweigh the general history of access and the public
7  policies favoring disclosure, such as the 'public interest in
8  understanding the judicial process,'" Kamakana, 447 F.3d at 1178-
9  79 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir.
10 1995)).  "In turn, the court must 'conscientiously balance the
11 competing interests' of the public and the party who seeks to
12 keep certain judicial records secret."  Id. at 1179 (quoting
13 Foltz, 331 F.3d at 1135) (alteration adopted).
14         In its request, defendant contends that sealing is
15 necessary so that the image may be considered "in its unredacted
16 form," as defendant contends is necessary to show that defendant
17 "had no independent reason to believe, based on the face of the
18 photograph, that the number partially shown at the bottom was a
19 social security number."  (Request at ¶ 2.)  The court agrees.
20 Nevertheless, although the unredacted image may not be filed
21 publicly, the court believes that publication of as much of the
22 image as possible, consistent with plaintiff's right of privacy,
23 is also necessary to allow for a full understanding of the
24 court's decision on defendant's motion to dismiss plaintiff's
25 complaint and the reasons for it.
26         Accordingly, balancing the importance of public access
27 to judicial records -- as is necessary to serve the "public
28 interest in understanding the judicial process," Hagestad, 49

F.3d at 1434 -- against individuals' privacy interests, see Kamakana, 447 F.3d at 1179, the court will adopt the procedure set forth in Local Rule 140(a)(iii), which allows publication of Social Security numbers in partially redacted form, publishing only the last four digits of the number.  Thus, in addition to granting the request to file the unredacted image under seal, the court will also attach a partially redacted image of plaintiff's Senate ID as an exhibit to its Order on defendant's motion to dismiss, which unlike the version of the image to be filed under seal, will omit the first five digits of what plaintiff alleges to be her Social Security number.

IT IS THEREFORE ORDERED that defendant's request (Docket No. 13) is GRANTED.  The Clerk is hereby directed to file the unredacted image of plaintiff's Senate ID, provided by defendant as Exhibit 2 to the Declaration of Al-Amyn Sumar (Docket No. 12), under seal.

Dated:   June 30, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE