**AKERMAN LLP**
Kanika D. Corley (State Bar No. 223607)
*kanika.corley@akerman.com*
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-63422

**THE NEW YORK TIMES COMPANY**
Al-Amyn Sumar (*admitted pro hac vice*)
*al-amyn.sumar@nytimes.com*
620 8th Avenue
New York, NY 10018
Telephone: (202) 862-7705
Facsimile: (212) 556-4634

Attorneys for Defendant
THE NEW YORK TIMES COMPANY

FILED
Jun 30, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

TARA READE,

Plaintiff,

v.

THE NEW YORK TIMES COMPANY,

Defendant.

CASE NO. 2:22−CV−00543−WBS−KJN

**DEFENDANT THE NEW YORK TIMES COMPANY'S REQUEST TO SEAL DOCUMENTS**

/ / /

/ / /

/ / /

/ / /

/ / /

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Pursuant to Local Rule 141(b), Defendant The New York Times Company ("The Times") respectfully submits this Request to Seal.

All documents filed with the court are presumptively public. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999) (explaining that the public has "a pre-judgment right of access to judicial records in civil cases"); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n.7 (1978))). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178. If a court concludes that these "compelling reasons" outweigh the public's interest in broad access, it must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id* at 1178-79 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This Court's local rules echo these principles by requiring requests to seal to describe generally, among other things, "the documents sought to be sealed, the basis for sealing," and the "statutory or other authority for sealing." E.D. Cal. R. 141(b).

Here, The Times seeks to seal a photograph of Plaintiff Tara Reade's Senate identification card ("ID"), which partially shows Ms. Reade's former social security number. This photograph is attached as Exhibit 2 to the Declaration of Al-Amyn Sumar, which is submitted in support of The Times's Motion to Strike Plaintiff's Complaint pursuant to California Civil Code of Procedure § 425.16 and The Times's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because Ms. Reade's former social security number as displayed on her ID is squarely at issue in this case, an unredacted version of this photograph is crucial to evaluating The Times's motions. It shows that The Times had no independent reason to believe, based on the face of the photo, that the number partially shown at the bottom was Ms. Reade's former social security number.

Nonetheless, there are compelling reasons to seal this photograph. *First*, Local Rule 140(a)(iii) requires counsel to redact all but the last four digits of a person's social security number from all pleadings, documents, and exhibits. *Second*, although The Times disputes the allegations in the

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Complaint, they suggest that if The Times publicly filed this photograph, The Times would be in violation of Civil Code § 1798.85. *Third*, although The Times disputes that publication of the ID harmed Ms. Reade, in part because the social security number is not her current one and is not readily apparent, the Complaint alleges that Ms. Reade suffered harm as a result of the publication of the ID.

Unless Plaintiff objects to the sealing, The Times asks that it remain in place permanently and that only Plaintiff and this Court, *in camera,* be permitted to access the photograph.

If this Court is not inclined to grant the request to seal, The Times would be forced to rely on a redacted version of the photograph, which not only would not be a true and correct copy of the photograph that Ms. Reade provided The Times and that The Times reviewed but also would redact the very numbers at issue in this action.

DATED: April 21, 2022

**AKERMAN LLP**

By: */s/ Al-Amyn Sumar*
Kanika D. Corley
Al-Amyn Sumar
Attorneys for Defendant
THE NEW YORK TIMES COMPANY