**AKERMAN LLP**
Kanika D. Corley (State Bar No. 223607)
*kanika.corley@akerman.com*
601 West Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-63422

**THE NEW YORK TIMES COMPANY**
Al-Amyn Sumar (*admitted pro hac vice*)
*al-amyn.sumar@nytimes.com*
620 8th Avenue
New York, NY 10018
Telephone: (202) 862-7705
Facsimile: (212) 556-4634

Attorneys for Defendant
THE NEW YORK TIMES COMPANY

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA READE,<br><br>      Plaintiff,<br><br>v.<br><br>THE NEW YORK TIMES COMPANY,<br><br>      Defendant. | CASE NO. 2:22−CV−00543−WBS−KJN<br><br>**DEFENDANT THE NEW YORK TIMES COMPANY'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Cal. Civ. Proc. Code § 425.16(c)(1)]<br><br>[Affidavit of Al-Amyn Sumar with Exhibits A-D Filed Concurrently]<br><br>Date: March 20, 2023<br>Time: 1:30 pm<br>Crtrm.: 5 |

/ / /

/ / /

/ / /

/ / /

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 20, 2023, at 1:30 p.m. in Courtroom 5 of the United States District Court for the Eastern District of California, located at 501 I Street, Suite 4-200, Sacramento, CA 95814, Defendant The New York Times Company ("The Times") will and hereby does move this Court, pursuant to California Code of Civil Procedure ("C.C.P.") § 425.16(c)(1), for an order compelling Plaintiff Tara Reade to reimburse The Times for its attorneys' fees and costs incurred in connection with its successful motion to strike pursuant to C.C.P. § 425.16 and in preparing this fee motion. Specifically, this motion seeks $70,645 in attorneys' fees and $850.09 in costs.

The Times submits this motion pursuant to C.C.P. § 425.16(c)(1), Rule 54(d) of the Federal Rules of Civil Procedure, and Local Rule 293. This motion is based on this notice; the attached memorandum of points and authorities; the affidavit of Al-Amyn Sumar with exhibits A-D; all matters of which this Court may take judicial notice; all pleadings, files, and records in this action; and such other argument as this Court may receive at the hearing on this motion.

DATED: December 13, 2022                    **AKERMAN LLP**

                                            By: /s/ Kanika D. Corley
                                                Kanika D. Corley
                                                Al-Amyn Sumar
                                                Attorneys for Defendant
                                                THE NEW YORK TIMES COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The goal of California's anti-SLAPP statute is "to deter lawsuits 'brought primarily to chill the valid exercise of the constitutional rights of freedom of speech.'" *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017) (quoting C.C.P. § 425.16(a)). The law does that, in part, by mandating that a SLAPP plaintiff reimburse a prevailing movant for its reasonable attorneys' fees and costs. C.C.P. § 425.16(c)(1); *see Herring Networks, Inc. v. Maddow*, 2021 WL 409724, at *1 (S.D. Cal. Feb. 5, 2021)). As The Times fully prevailed on its anti-SLAPP motion, the only question for the Court now is the reasonableness of the requested fee.

Here, The Times respectfully requests an award of $70,645 in fees — a sum that is reasonable in light of the qualifications of its attorneys and the novelty of the questions presented in this case — and $850.09 in costs.

### II. PROCEDURAL HISTORY

Ms. Reade filed the Complaint initiating this action in Nevada County Superior Court on February 22, 2022. *See* Dkt. 1-1 ("Compl."). The Complaint asserted one statutory cause of action — a violation of Civil Code § 1798.85 — and common law claims for public disclosure of private facts and negligence. Compl. ¶¶ 21-36. The Times timely removed the action to this Court on March 24, 2022. Dkt. 1.

On April 21, 2022, The Times moved to strike the claims pursuant to Code of Civil Procedure § 425.16, Dkt. 11, and to dismiss the claims pursuant to Federal Rule 12(b)(6), Dkt. 10. Following a hearing on June 27, 2022, the Court granted both motions in an order dated June 30, 2022. Dkt. 21 ("Order").[1] The Court concluded the claims were clearly within the ambit of the anti-SLAPP statute and found all of them legally deficient. *See generally id.* The Court gave Ms. Reade until July 20, 2022, to amend her Complaint, to the extent she could "do so consistent with [the Court's] order." *Id.* at 23. Ms. Reade opted not to amend and instead filed a notice of appeal of the

---

[1] As the Court noted in its June 30, 2022, order, The Times's motions are identical except for portions addressing the respective legal standards for a special motion to strike under the anti-SLAPP statute and a motion to dismiss under Rule 12(b)(6). *See* Order at 2 n.1.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   2:22−CV−00543−WBS−KJN
DEFENDANT THE NEW YORK TIMES COMPANY'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS
67780487;1

Court's Order on July 28, 2022. Dkt. 24. The Ninth Circuit ultimately dismissed the appeal for failure to prosecute on September 13, 2022, Dkt. 28, and this Court entered final judgment on October 14, 2022. Dkt. 30. Upon timely request by the parties,[2] the Court extended the deadline for The Times's fees motion to 30 days after the exhaustion of the right of appeal by all parties. Dkt. 32.[3]

### III.    ARGUMENT

#### A.    Fee Shifting Under California's Anti-SLAPP Statute Is Mandatory

"[A]ny SLAPP defendant who brings a successful motion to strike is entitled to <u>mandatory</u> attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) (emphasis added); *see also Shepard v. Miler*, 2011 WL 1740603, at *1 (E.D. Cal. May 5, 2011) (Shubb, J.) ("It is well-settled that . . . an award of fees and costs [to a prevailing defendant] is mandatory under the [anti-SLAPP] statute."); C.C.P. § 425.16(c)(1) ("[A] prevailing defendant . . . <u>shall</u> be entitled to recover [their] attorney's fees and costs.") (emphasis added). The courts have made clear that the statute's fee-shifting provision applies in federal diversity cases like this one. *See, e.g.*, *Thomas v. Fry's Electronics, Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005) (per curiam) ("California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court."); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140 (9th Cir. 2022) (reaffirming that anti-SLAPP statute applies in federal court).

The fee provision is interpreted "broadly" to reimburse a "prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Herring Networks*, 2021 WL 409724, at *1 (quoting *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2013)); *see also* C.C.P. § 425.16(a). A fee award may include not only work in support of the anti-SLAPP motion but also work in "enforcing the right to mandatory fees." *Ketchum*, 24 Cal. 4th at 1141; *see also Shepard*, 2011 WL 1740603, at

---

[2] Local Rule 293(a) requires fee motions to be filed within 28 days of final judgment, but that deadline may be extended. *Cf, e.g.*, *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 676 (9th Cir. 2017) (noting that the 14-day deadline for filing a fees motion under Rule 54 "is not jurisdictional").

[3] Ms. Reade's deadline to file a notice of appeal was November 14, 2022 — thirty days from entry of judgment on October 14, plus one day because November 13 was a Sunday. *See* Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). That makes the deadline for this motion December 14, 2022.

*1. The fee-shifting provision includes no limitations or qualifications on the amount of fees and costs recoverable. *Ketchum*, 24 Cal. 4th at 1139 (noting "the absence of any indication by the Legislature of the intent to specially limit attorney fees in anti-SLAPP actions"). The only requirement is that fees be "reasonable" in terms of the hours expended and the hourly rate. *See* C.C.P. § 425.16(c)(1).

Because The Times's anti-SLAPP motion was granted in full, The Times is entitled its fees incurred in connection with that motion and to any additional fees incurred in connection with this fee motion.

### B. Defendant's Fee Request Is Reasonable

Under California law, courts determine a fee award by calculating a lodestar figure — "i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Shepard*, 2011 WL 1740603, at *3 (cleaned up). The fee award should account for the novelty and difficulty of the questions involved, the "undesirability" of the action, the experience, reputation, and ability of the attorneys, and the results obtained, among other criteria. *See* L.R. 293(c). The court may also adjust the lodestar figure upward or downward based on certain factors, including the skill displayed by the counsel seeking fees. *Ketchum*, 24 Cal. 4th at 1132.

Here, The Times seeks $70,645 in fees and $850.09 in costs, in addition to any additional fees and costs incurred in connection with preparing a reply brief and attending a hearing on this motion.[4] This litigation involved matters of first impression and implicates crucial constitutional rights. In these circumstances, The Times's request is reasonable as to both the hours expended and the rates requested.

#### 1. The Hours Expended Are Reasonable

A fee award "should ordinarily include compensation for all hours reasonably spent, including those relating solely to the fee." *Serrano v. Unruh*, 32 Cal. 3d 621, 624 (1982); *see also Ketchum*, 24 Cal. 4th at 1133. As set forth in the attached declaration ("Sumar Decl."), The Times seeks reimbursement for work reasonably and necessarily performed in connection with the anti-SLAPP

---

[4] The Times proposes filing, following the hearing on this motion, a supplemental brief addressing these additional costs and fees.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

motion.[5] *See Buzayan v. City of Davis*, 2008 WL 4532511, at *1 (E.D. Cal. Oct. 8, 2008) (noting that recovery under § 425.16 is "broadly construed"). This totals 167.9 hours of work to date — an eminently reasonable number.

The Times underscores four points that speak to the reasonableness of the hours expended. *First*, comparatively speaking, the total number of hours expended by The Times's attorneys is well below figures courts have deemed reasonable in other cases. *See* L.R. 293(c)(12) (listing "awards in similar actions" as a relevant criterion in fee award); *see, e.g.*, *Shepard*, 2011 WL 1740603, at *7 (awarding defendants fees for 335 hours incurred in litigation, including anti-SLAPP motion and subsequent fee motion); *Herring Networks*, 2021 WL 409724, at *10 (deeming 363.1 hours a reasonable total for time spent on anti-SLAPP and subsequent fees motion); *Premier Med. Mgmt. Systs., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 560, 565 (2008) (finding 345 hours spent by counsel working on a joint motion to strike was reasonable); *Open Source Security, Inc. v. Perens*, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018) (granting fees for 446 hours, including for motions to strike and other briefs).

*Second*, this case was managed economically. The Times's litigation team was leanly staffed, and significant tasks related to the anti-SLAPP motion — such as legal research, drafting of motion papers, and presentation of oral argument — were largely handled by two more junior attorneys on the team. *See* Sumar Decl. Ex. A. The more senior attorneys spent modest amounts of time on supervisory tasks like editing the briefing and participating in a moot. *See id.* Put simply, The Times's attorneys worked efficiently and their hours were not duplicative. *See Charlesbois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1123 (C.D. Cal. 2012) (fees reasonable in part because counsel "efficiently staffed th[e] matter" where associate handled bulk of drafting "with oversight by an experienced partner").

---

[5] For avoidance of doubt, The Times's entitlement to fees extends to the time spent on the 12(b)(6) motion. The Court's "granting [of] the special motion to strike effectively dismissed all of plaintiff's claims against [The Times]"; as a result, "the entire lawsuit here is subject to the anti-SLAPP motion" and "all attorney fees and costs expended in this case occurred in the context of, and were inextricably intertwined with, the anti-SLAPP motion." *Herring Networks*, 2021 WL 409724, at *9 (quoting *Zwebner v. Coughlin*, 2006 WL 8455423, at *2 (S.D. Cal. Jan. 24, 2006)) (cleaned up); *see also* Order at 2 n.1 (recognizing that The Times's motions to dismiss and to strike appeared "identical, except for portions addressing the respective legal standards").

*Third*, the hours logs here understate the time actually expended by The Times's attorneys on this case. *See* Sumar Decl. ¶ 7. That is because the logs largely record work on essential tasks (*e.g.*, legal research and drafting pleadings) and often do not capture time expended on more clerical tasks or communications among attorneys. *See id*.

*Fourth*, the issues presented in this case were novel and somewhat more complex than those in a garden-variety anti-SLAPP case. *See* L.R. 293(c)(1), (2) (requiring courts to consider "the time and labor required of the attorney(s)" and "the novelty and difficulty of the questions presented" when awarding fees). Ms. Reade's claim under § 1798.85(a), arguably the main cause of action in this litigation, presented two questions of interpretation not previously discussed in detail by any California court: whether the statute manifests an intent to create a private right of action, and whether an "intentional" disclosure under the statute requires "general" or "specific" intent. *See* Order at 6-12. Both questions entailed extensive research of legislative history and analogous laws.

*Fifth*, the amount in controversy here was relatively high and The Times's success was complete. *See* L.R. 293(c) (listing "the amount of money" and "the results obtained" as relevant factors in fee award); *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained . . . ."). The stakes of the anti-SLAPP motion were not low: Ms. Reade's complaint sought damages of $1.5 million, among other relief. Compl. (wherefore clause); *see, e.g.*, *Shepard*, 2011 WL 1740603, at *6 (noting that plaintiff sought significant damages). And The Times's anti-SLAPP motion was entirely successful because it resulted in the complete dismissal of Reade's claims.

*Finally*, the "undesirability" of SLAPP actions cuts in favor of fully reimbursing The Times. *See* L.R. 293(c)(10); *Ketchum*, 24 Cal. 4th at 1136 (rejecting the argument that "fee enhancements under [the anti-SLAPP statute] at best serve no purpose" because "the legislative aim in including the attorney fee provision was apparently to strengthen enforcement of certain constitutional rights . . . by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system") (cleaned up). Ms. Reade brought a meritless suit against a news organization over

its reporting and sought significant damages, despite the absence of any concrete harm or intentional conduct on The Times's part. This case is exactly the kind the anti-SLAPP statute is intended to deter.

### 2. The Requested Attorney Billing Rates Are Reasonable

A reasonable billing rate is the one "prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). By that definition, the rates requested here are reasonable.

The Times seeks reimbursement for the services of six attorneys: five in-house attorneys at The Times — David McCraw, Dana Green, Karen Chesley, Al-Amyn Sumar, and Jessica Hui[6] — and one outside attorney — Kanika Corley — at the following rates:

| Attorney | Graduation Year | Billing Rate | Hours Billed | Fees Billed |
|---|---|---|---|---|
| David McCraw | 1992 | $650 / hour | 6.6 | $4,290 |
| Dana Green | 2009 | $450 / hour | 2.1 | $945 |
| Karen Chesley | 2009 | $450 / hour | 5.2 | $2,340 |
| Al-Amyn Sumar | 2013 | $400 / hour | 98.8 | $39,520 |
| Jessica Hui | 2021 | $300 / hour | 31.9 | $9,570 |
| Kanika Corley | 2002 | $600 / hour[7] | 23.3 | $13,980 |
| Total | | | 167.9 | $70,645 |

*See* Sumar Decl. ¶¶ 12-21. These rates are derived from other decisions on fee applications by The Times's in-house attorneys. *N.Y. Times Co. v. CIA*, 251 F. Supp. 3d 710, 715-16 (S.D.N.Y. 2017) (in Freedom of Information Act case, granting The Times's application for attorneys' fees and awarding hourly rates of $650 for Mr. McCraw and $400 for two junior attorneys) (attached as Sumar Decl. Ex. C); *Toufanian v. Lorenz*, 2022 WL 2108474, at *5-6 (D.C. Sup. Ct. Mar. 23, 2022) (in anti-SLAPP

---

[6] The actual rate charged by Ms. Corley was in most cases $670 per hour. Sumar Decl. ¶ 9.

[7] It is well-settled that in-house attorneys are entitled to attorneys' fees. *See PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1093 (2000); *Pasternack v. McCullough*, 65 Cal. App. 5th 1050, 1055 (2d Dist. 2021).

case, granting motion for fees and awarding hourly rates of $650 for Mr. McCraw, $450 for Ms. Green, and $400 for Mr. Sumar) (attached as Sumar Decl. Ex. D).

These rates are reasonable given the respective attorneys' "skill, experience, and reputation" in the field of media law, which includes privacy torts and anti-SLAPP litigation. Sumar Decl. ¶¶ 1-2, 12-17; *see also Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (1st Dist. 2013) (courts consider "the experience, skill, and reputation of the attorney requesting fees" when determining reasonable rates); *Building a Better Redondo, Inc. v. City of Redondo Beach*, 203 Cal. App. 4th 852, 872 (2d. Dist. 2012) (considering "counsel's special expertise" in the areas of law at issue in the litigation). Mr. McCraw, The Times's Senior Vice President & Deputy General Counsel, has 30 years of legal experience, including over 20 as a full-time media lawyer. Sumar Decl. ¶ 13. He is widely considered one of the top media lawyers in the country. *Id.* Ms. Green has 13 years of legal experience, including nine as a full-time media lawyer. *Id.* ¶ 14. Ms. Chesley has 13 years of legal experience and was a partner at Boies Schiller Flexner LLP from 2017 until she joined The Times in September 2021. *Id.* ¶ 15. Mr. Sumar, The Times's lead attorney in this case, has nine years of legal experience, including six as a full-time media lawyer. *Id.* ¶ 12. Ms. Hui is a recent graduate of Harvard Law School and was an in-house attorney at The Times until September 2022. *Id.* ¶ 16. Ms. Corley is a litigation partner at Akerman and has 20 years of legal experience, with particular expertise in defending media and entertainment companies in tort claims arising from their content. *Id.* ¶ 17.

To be clear, the rates sought by The Times here are higher than those typically approved in this district in anti-SLAPP cases. *See, e.g.*, *Scott v. Kelkris Assocs.*, 2012 WL 1131360, at *4 (E.D. Cal. Mar. 28, 2012) (noting that lodestar figure may be "adjusted upward or downward by the court based on relevant factors"). This rate adjustment is warranted for two reasons. The first is the exceptional skill shown by The Times's attorneys in litigating this case. *See, e.g., Bernstein v. Virgin Am.*, 2020 WL 10618569, at *9-14 (N.D. Cal. Jan. 21, 2020) (applying a multiplier of 2.0 to lodestar figure based on, among other things, "extraordinary skill" displayed by plaintiffs' counsel). In particular, The Times's legal briefs and oral advocacy reflected thorough research and careful consideration of the issues presented. The quality of the representation alone warrants an adjustment.

There is also a second reason: the unavailability of local counsel with the requisite expertise for a case like this one. As this Court has observed:

> Generally, the relevant community [for the purpose of determining the reasonable rate] is the forum in which the district court sits. However, rates outside of the district in which the court sits may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case. The Ninth Circuit has upheld use of a higher rate from a city outside of where the court sits when the prevailing party has offered substantive evidence illustrating the unavailability of local counsel.

*Shepard*, 2011 WL 1740603, at *4 (cleaned up); *see, e.g.*, *id.* (in copyright case, noting that defendants' counsel sought "rates consistent with those in the San Francisco, not the Sacramento, legal community," as the "publishers defense bar in Northern California is extremely small," and ultimately accepting the proposed rates as unopposed).

Here, as in *Shepard*, the lawyers with the necessary expertise to handle this type of case are largely based in other parts of California. In its search for outside counsel to handle this case, The Times found few if any attorneys specializing in media law residing in the Eastern District. Sumar Decl. ¶ 4. The Times's consulted a number of resources during that search, including (almost certainly) the Defense Counsel directory on the website of the Media Law Resource Center, a non-profit association for members of the media and their defense lawyers. *Id.* ¶ 5. The directory, which lists member attorneys based at law firms with practices focused on defending the media, contains 580 attorneys across the country, including 94 in the state of California. *Id.* Of these, only 1 lawyer is apparently based in Sacramento or the surrounding area. *Id.*

Ultimately, The Times decided to handle the case largely in house and to hire Ms. Corley — an attorney who both has media law experience and is barred in this district — as its local counsel. *Id.* ¶ 6. The hourly rates sought here for Ms. Corley and The Times's in-house attorneys are on par or lower than what courts have awarded in comparable cases in other parts of California. *See, e.g.*, *Herring Networks, Inc.*, 2021 WL 409724, at *6 (reviewing cases).

C.     <u>The Times Is Entitled to Its Costs</u>

The Times also incurred a small amount of costs in this litigation: $836.63 in filing fees and $13.46 in mailing charges, totaling $850.09. Sumar Decl. ¶ 22 & Ex. B at 8. The Times is entitled to

these as well. *See* C.C.P. § 425.16(c); *see, e.g.*, *Herring Networks*, 2021 WL 409724, at *11 (awarding similar costs).

## IV.   CONCLUSION

For the above reasons, The Times respectfully requests that the Court order Plaintiff to pay $70,645 in attorneys' fees, $850.09 in costs, and any additional fees and costs incurred in connection with the filing of this motion.

DATED: December 13, 2022   **AKERMAN LLP**

By: */s/ Kanika D. Corley*
    Kanika D. Corley
    Al-Amyn Sumar
    Attorneys for Defendant
    THE NEW YORK TIMES COMPANY

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

9   2:22−CV−00543−WBS−KJN
DEFENDANT THE NEW YORK TIMES COMPANY'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS
67780487;1