1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

12   TARA READE,                        No. 2:22-cv-00543 WBS KJN

13              Plaintiff,

14        v.                            ORDER RE: DEFENDANT'S MOTION
                                        FOR ATTORNEYS' FEES
15   THE NEW YORK TIMES COMPANY,

16              Defendant.

17

18                                ----oo0oo----

19        The court previously granted defendant's motion to

20   dismiss and motion to strike under California's anti-SLAPP

21   statute, Cal. Code Civ. P. § 425.16.  (Docket No. 21.)  Judgment

22   pursuant to that order was entered on October 14, 2022.  (Docket

23   No. 30.)  Defendant filed a motion for attorneys' fees on

24   December 13, 2022.  ("Mot." (Docket No. 33).)

25        Notwithstanding the passage of more than three months

26   since the motion for attorneys' fees was filed, plaintiff has not

27   filed an opposition.  When contacted by the court, plaintiff's

28   counsel of record stated that he would not be filing an

                                      1

opposition or any other pleadings in response to this motion. Accordingly, the court will construe plaintiff's failure to file an opposition as non-opposition to the motion and will decide the motion on the papers without oral argument pursuant to Local Rule 230(g).  See L.R. 230(c); see also Winters v. Jordan, No. 2:09-cv-00522, 2011 WL 240871, at *2 (E.D. Cal. Jan. 24, 2011) (interpreting "failure to file written oppositions" as "a statement of non-opposition" and "consent to the granting of . . . motions for attorney's fees").

It is "well-settled" that a defendant who prevails on a motion to strike brought under the anti-SLAPP statute is entitled to fees and costs.  Shepard v. Miler, No. 2:10-cv-1863 WBS, 2011 WL 1740603, at *1 (E.D. Cal. May 5, 2011) (citing Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001); Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004)).

"State law governs attorney's fees awards based on state fee-shifting laws, like California's anti-SLAPP statute." Graham-Sult v. Clainos, 756 F.3d 724, 751 (9th Cir. 2014). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000); see Ketchum, 24 Cal. 4th at 1131 (indicating that the lodestar is used to calculate fees under the anti-SLAPP statute).  "The reasonable hourly rate is that prevailing in the community for similar work." PLCM Grp., 22 Cal. 4th at 1095.  The lodestar may then by adjusted upward or downward by the court based on relevant factors. Ketchum, 24

1    Cal. 4th at 1132.[1]

2           Defendant proposes a lodestar figure of $70,645, based

3    on 167.9 hours billed by six attorneys (five in-house New York

4    Times attorneys and one Los Angeles-based attorney admitted to

5    the Eastern District), at hourly rates ranging from $300 to $600.

6    (Mot. at 3-6).  Defendant provides itemized billing of the work

7    performed on the anti-SLAPP motion, broken down by each attorney.

8    (See Ex. A (Docket No. 33-1); Ex. B (Docket No. 33-2).)

9           Some of the rates sought are higher than is typically

10   awarded in this district.  However, it is undisputed here that

11   there was no media defense counsel available in this district

12   with the experience to bring an anti-SLAPP motion.  (See Decl. of

13   Al-Amyn Sumar (Docket No. 33-5) ¶¶ 4-6.)  "[R]ates outside of the

14   district in which the court sits may be used 'if local counsel

15   was unavailable . . . .'"  Shepard, 2011 WL 1740603, at *4

16   (quoting Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.

17

18          [1]   Local Rule 293(c) provides the following non-exhaustive
     list of factors that guide a court's award of attorney's fees:
19   (1) the time and labor required of the attorney(s), (2) the
     novelty and difficulty of the questions presented, (3) the skill
20   required to perform the legal service properly, (4) the
     preclusion of other employment by the attorney(s) because of the
21   acceptance of the action, (5) the customary fee charged in
     matters of the type involved, (6) whether the fee contracted
22   between the attorney and the client is fixed or contingent, (7)
     any time limitations imposed by the client or the circumstances,
23   (8) the amount of money, or the value of the rights involved, and
     the results obtained, (9) the experience, reputation, and ability
24   of the attorney(s), (10) the "undesirability" of the action, (11)
     the nature and length of the professional relationship between
25   the attorney and the client, (12) awards in similar actions, and
     (13) such other matters as the Court may deem appropriate under
26   the circumstances.  L.R. 293(c); see also Kerr v. Screen Extras
     Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (identifying the
27   same factors as relevant).
28

                                    3

1   1992)); see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973,

2   979 (9th Cir. 2008).  The rates sought appear consistent with

3   rates that have been approved in the districts in which the

4   attorneys' offices are located.  See LaCoste v. Keem, No. 2:20-

5   cv-02323 RGK JPR, 2020 WL 13328478, at *2 (C.D. Cal. Sept. 1,

6   2020) (adopting hourly attorney billing rates ranging from $450

7   to $900 in awarding anti-SLAPP attorneys' fees); N.Y. Times Co.

8   v. CIA, 251 F. Supp. 3d 710, 715-16 (S.D.N.Y. 2017) (granting fee

9   request based on hourly rates ranging from $400 to $650 for New

10  York Times in-house attorneys).[2]

11          Defendant contends that the overall fee award sought is

12  reasonable based on numerous factors, including the novelty of

13  the legal issues, the high skill level of the attorneys that

14  worked on the matter, and the results obtained.  (Mot. at 5-7.)

15  Defendant also correctly points out that both the number of hours

16  billed and the proposed lodestar figure are lower than in

17  comparable cases involving media companies or personalities.

18  See, e.g., LaCoste, 2020 WL 13328478, at *2 (Central District of

19  California case awarding $142,095 in attorneys' fees incurred in

20  bringing anti-SLAPP motion, based on 275.3 hours expended);

21  Shepard, 2011 WL 1740603, at *7 (Eastern District of California

22  case awarding $119,143.05 in attorneys' fees incurred in bringing

23  anti-SLAPP motion and fee motion, based on 335 hours expended);

24  see also Herring Networks, Inc. v. Maddow, No. 3:19-cv-1713 BAS

25

26          [2]     The court also notes that the cases in this district
    that have rejected comparable rates typically involve different
27  types of claims, such as cases brought under § 1983 or the ADA,
    rather than motions to strike pursuant to California's anti-SLAPP
28  statute.

                                    4

AHG, 2021 WL 409724, at *11 (S.D. Cal. Feb. 5, 2021) (Southern District of California case awarding $247,667.50 in attorneys' fees incurred in bringing anti-SLAPP motion and fee motion, based on 384.28 hours expended).

In addition to attorneys' fees, defendant seeks $850.09 in costs, specifically $836.63 in filing fees and $13.46 in mailing charges.  (See Ex. B at 9.)

Because defendant's requested fee and cost award appears reasonable based on the information before the court and plaintiff has not offered any argument or evidence in opposition, the court finds defendant is entitled to attorneys' fees and costs as a prevailing party and shall be awarded the same in the requested sums.  Defendant is hereby awarded $70,645 in attorneys' fees, $850.09 in costs, and any additional fees and costs incurred in connection with the filing of this motion.

IT IS SO ORDERED.

Dated:  March 21, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE